```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
IN RE: Fosamax Products Liability  :
Litigation, MDL No. 1789               1:09-cv-06381-JFK
                                   :
-----------------------------------x   **Memorandum Opinion**
This Document Relates to:          :        **& Order**

Lori Bova v. Merck & Co., Inc.,    :
1:09-cv-06381-JFK
-----------------------------------x
```

**JOHN F. KEENAN, United States District Judge:**

Defendant Merck Sharp & Dohme Corp. ("Merck") moves pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) to dismiss this case with prejudice because plaintiff Lori Bova ("Plaintiff") has failed to provide a Plaintiff Profile Form ("PPF") as required by Case Management Order No. 3 ("CMO 3"). Plaintiff has not opposed the motion. For the reasons provided below, the motion is GRANTED.

## Background

Section 10.3 of CMO 3 requires plaintiffs in all cases consolidated in this multi-district litigation ("MDL") to submit completed PPFs to defense counsel within sixty days of the date that the case is filed with this Court or, for cases transferred here, the date that the conditional transfer order becomes final. CMO 3 further provides that Merck may send a deficiency letter to a plaintiff who has not submitted a completed PPF within sixty days. Upon receipt of the

deficiency letter, the plaintiff has thirty days to cure the deficiency. If the plaintiff fails to provide a PPF within the cure period, CMO 3 permits the "defendants to move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice."

Plaintiff's case was transferred to this Court on July 16, 2009. In a letter dated August 5, 2009, Merck reminded Plaintiff of her obligation to provide a completed PPF by September 14, 2009, sixty days after the case was transferred to this Court. When Plaintiff failed to provide a PPF by this deadline, Merck sent a deficiency letter dated September 29, 2009. The letter informed Plaintiff that, pursuant to CMO 3, she had thirty days to cure the deficiency, otherwise Merck would "move to dismiss [this] action and/or seek other appropriate relief." Although not required to do so, Merck provided Plaintiff extensions of time to cure the deficiency until December 17, 2009. When Plaintiff did not provide a PPF by that date, Merck again reminded Plaintiff of her obligation to provide a PPF in an email dated December 30, 2009. Plaintiff still has not provided a PPF.

On April 2, 2010, Merck filed this motion to dismiss the case with prejudice as a sanction for Plaintiff's noncompliance with CMO 3. Plaintiff has not opposed the

motion nor offered to provide a completed PPF.

## Discussion

Rule 37(b) governs the instant motion. Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 207 (1958).  The rule provides that a district court may impose sanctions "as are just" upon a party who fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2).  The court has discretion to impose a sanction of dismissal only if the failure to comply resulted from "willfulness, bad faith, or any fault." Societe Internationale, 357 U.S. at 207; Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d. 130 (2d Cir. 2007).

Here, dismissal is an available sanction because Plaintiff's disobedience was willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Davis v. Artuz, No. 96 Civ. 7699 (GBD), 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997)).   CMO 3 clearly states that every plaintiff in this MDL must provide defendant with a completed PPF.  There can be no doubt that Plaintiff

understood this obligation.  Merck sent several letters and emails reminding her counsel of it.  Despite this, Plaintiff disregarded her discovery obligations under CMO 3, ignored a deficiency letter from defendant urging her to comply, and failed to respond to this motion to dismiss.  Plaintiff has not claimed that her noncompliance was caused by forces beyond her control.

A dismissal with prejudice is an appropriate penalty in this case.  Factors relevant to this determination include "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001)(citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). First, Plaintiff has not offered any excuse at all for her noncompliance, nor has she expressed a willingness to provide a PPF at any future time.  Second, a sanction short of dismissal is unlikely to induce Plaintiff's compliance, given that she has not offered to provide a PPF even in response to this motion to dismiss. Additionally, a lesser sanction would not be as effective in deterring other plaintiffs in this MDL

from flouting the Court's discovery orders.  This would divert resources from advancing these MDL proceedings and could "bring[] hundreds of these cases to a near-halt as a result of fact-discovery compliance issues." <u>In re Rezulin Products Liab. Litig.</u>, 223 F.R.D. 109, 118 (S.D.N.Y. 2004) (dismissing cases with prejudice for failure to provide a plaintiff fact sheet as ordered); <u>see also</u> <u>In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.</u>, 496 F.3d 863, 867 (8th Cir. 2007) (affirming dismissal for failure to provide a timely plaintiff fact sheet, and noting that "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders"); <u>Update Art, Inc. v. Modiin Publ'g, Ltd.</u>, 843 F.2d 67, 71 (2d Cir. 1988) (stating that the harsh penalty of dismissal in an appropriate case is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger" (internal quotation marks omitted)).

      Third, Plaintiff's noncompliance with CMO 3 has lasted for nearly six months.  Her failure to respond to this motion to dismiss indicates that she no longer is interested in prosecuting her claims and likely will never provide a PPF.  Finally, CMO 3 clearly warned Plaintiff that the failure to

provide a completed PPF on time could result in dismissal of her case. She received further warnings from Merck that her case would be dismissed if she failed to comply.

For these reasons, Plaintiff's case is DISMISSED WITH PREJUDICE pursuant to Rule 37(b).

**SO ORDERED.**

Dated:   New York, N.Y.
         June 15, 2010

*John F. Keenan* (signature)
JOHN F. KEENAN
United States District Judge